UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **T.S., a minor child, through JOHANNA SKRINE,**<br><br>Plaintiff,<br><br>v.<br><br>**DISTRICT OF COLUMBIA, et al.,**<br><br>Defendants. | Civil Action 05-00861  (HHK) |

**MEMORANDUM OPINION AND ORDER**

T.S., a minor child, through his mother and next friend, Johanna Skrine, brings this suit against the District of Columbia and Clifford Janey, the Superintendent of the District of Columbia Public Schools ("DCPS"), in his official capacity, seeking review of a hearing officer's decision and attorneys' fees, pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq*.  Before the court are plaintiff's motion for summary judgment [#10], and defendant's motion to dismiss or, in the alternative, cross-motion for summary judgment, and for attorneys' fees [#13].  Upon consideration of the motions, the oppositions thereto, and the record of the case, the court concludes that plaintiff's motion must be granted in part and denied in part, and that defendant's motion must be granted in part and denied in part.

# I. BACKGROUND

## A. Statutory Background

Under the IDEA, each disabled student is entitled to a "free appropriate public education," or a "FAPE," which requires that appropriate special education services be "provided at public expense, under public supervision and direction, and without charge." 20 U.S.C. § 1401(9)(A). To ensure that each eligible student receives a FAPE, the IDEA requires that an individualized education program ("IEP") be developed to provide each disabled student with a plan for educational services tailored to that student's unique needs. 20 U.S.C. § 1414(d); 34 C.F.R. § 300.300(a)(3)(ii). A full evaluation of a child is an integral part of developing such a program. Therefore, the IDEA requires public education providers to "conduct a full and individual initial evaluation . . . before the initial provision of special education and related services to a child with a disability." 20 U.S.C. § 1414(a)(1)(A). The educational agency may also conduct a reevaluation if it appears that the student's needs, "including improved academic achievement and functional performance, . . . warrant a reevaluation," or such a reevaluation is requested by the student's parents or teachers. *Id.* § 1414(a)(2)(A). If a parent objects to the results of an evaluation, she is entitled to an "independent educational evaluation" of the student at public expense. 20 U.S.C. § 1415(b)(1); 34 C.F.R. § 300.502.

A parent who is dissatisfied with her child's evaluation or placement may request an impartial due process hearing before an administrative hearing officer. 20 U.S.C. § 1415(f)(1). A hearing officer's decision may be challenged in federal district court by an "aggrieved party." *Id.* § 1415(i)(2). The prevailing party in an action under the IDEA is entitled to recover reasonable attorneys' fees. *Id.* § 1415(i)(3)(B).

B.     **Factual Background**

T.S. is a 10-year-old boy residing in the District of Columbia. In 2003, DCPS determined that he was eligible to receive special education services because he was classified as mentally retarded. In 2004, DCPS administered a number of tests to reexamine T.S.'s classification, including a psycho-educational evaluation. Plaintiff objected to the evaluation because, *inter alia*, the evaluation did not include an I.Q. test and erroneously compared T.S. to students in the first grade (the grade he was in after being held back) when it should have compared him to students in the second grade (which was the norm for his age). A.R. at 69.[1]

On January 5, 2006, plaintiff sent a letter to the DCPS Office of Special Education requesting an independent psycho-educational evaluation for T.S., pursuant to 34 C.F.R. § 300.502. The letter was addressed, "To whom it may concern." A.R. at 2. DCPS did not respond to the request. At an IEP meeting on January 11, 2005, DCPS changed the T.S.'s classification to learning disabled based in part on the results of a psycho-educational evaluation. *Id.* at 191. On January 19, 2005, Plaintiff filed a request for a due process hearing regarding, *inter alia*, DCPS's failure to provide an independent evaluation. Plaintiff asserted other claims which were ultimately withdrawn. *Id.* at 2 n.2.

At the hearing on April 1, 2005, the hearing officer determined that the only issue for review was whether T.S. was denied a FAPE by DCPS's failure to "reply to and/or grant the parent's request for an independent psychological evaluation." A.R. 2. In reciting his findings of fact, the hearing officer stated that T.S. "has been determined to be eligible for special education and related services with a disability classification of mental retardation." *Id.* The

---

[1] "A.R." refers to "Administrative Record."

hearing officer then explained that this classification was changed by DCPS in 2004 to learning disabled. The hearing officer found that plaintiff had filed a request for a hearing two weeks after initially sending the letter requesting the independent evaluation, that the letter was "addressed . . . to no one in particular" at DCPS, and that plaintiff had not made any follow-up calls regarding the request. *Id.* at 3. Observing that the applicable regulations require an independent evaluation to be provided "without unnecessary delay," *see* 34 C.F.R. § 300.502, the hearing officer determined that an "inordinate [amount of] time had not yet passed" from the time of the request for the independent evaluation to the time plaintiff requested the due process hearing. A.R. 3. Thus, the hearing officer concluded that DCPS had "sustained its burden of proof," *id.* at 3, "there was not denial of FAPE," *id.* at 4, and that DCPS was the prevailing party in the matter, *id.* Finally, the hearing officer ordered DCPS to fund an independent evaluation and hold a new IEP meeting within fifteen days of receiving that evaluation to review T.S.'s placement. *Id.*

## II. ANALYSIS

**A.     Standing**

When reviewing a hearing officer's decision in an IDEA case, a district court shall review the administrative record, hear additional evidence if so requested by the parties, and, based "on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." 20 U.S.C. § 1415(i)(2)(C).[2] In making this assessment, the district court is to undertake an

---

[2] The parties have cross-moved for summary judgment under Federal Rule of Civil Procedure 56, which provides for entry of summary judgment "if . . . there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In an IDEA case, when neither party requests that the district court hear additional evidence prior to ruling on a motion for summary judgment, the motion will be

independent review of the evidence, while giving the hearing officer's decision "due weight." *Bd. of Educ. v. Rowley*, 458 U.S. 176, 206 (1982) (holding that this provision "carries with it the implied requirement that due weight shall be given to [the administrative] proceedings."). The "due weight" standard of review does not rise to the level of *de novo* review, however, because "courts must be careful to avoid imposing their view of preferable educational methods upon" the local education agencies. *Id.* at 207. This standard is also "less deferential than that applied under the traditional substantial evidence test used in ordinary administrative review cases." *Scorah v. Dist. of Columbia*, 322 F. Supp. 2d 12, 18 (D.D.C. 2004). The "party challenging the administrative determination must at least take on the burden of persuading the court that the hearing officer was wrong." *Kerkam v. McKenzie*, 862 F.2d 884, 887 (D.C. Cir. 1988).

Plaintiff contends that the hearing officer's decision must be reversed because he abused his discretion and exceeded the scope of his authority when he (1) ruled that DCPS sustained its burden of proof; (2) ruled that DCPS was the prevailing party; (3) introduced additional arguments, facts, and law, into the record; and (4) found that T.S. is classified as mentally retarded. Plaintiff requests that the court require DCPS to change T.S.'s IEP to reflect a classification of mental retardation pending the results of all completed testing; require DCPS to place and fund T.S. at the Kennedy Institute, with transportation; and award plaintiff attorneys'

---

construed as a "procedural vehicle for asking [a] judge to decide the case on the basis of the administrative record." *Herbin v. District of Columbia*, 362 F. Supp. 2d 254, 258 (D.D.C. 2005) (internal quotation marks omitted).

fees and costs of this action.[3]  DCPS contends that plaintiff has no standing to seek review of the hearing officer's decision because plaintiff "received all the relief [] sought," Def.'s Mot. at 13, and thus is not a "party aggrieved" under the IDEA.

As DCPS points out, only a "party aggrieved" by the findings or decision of a hearing officer may challenge that determination in federal court.  *See* 20 U.S.C. § 1415(i)(2)(A); *see also Diamond v. McKenzie*, 602 F. Supp. 632, 635 (D.D.C. 1985) (concluding that party was aggrieved when hearing officer did not recommend 24-hour placement plaintiff requested).  A party is not aggrieved, however, where she "received precisely the relief they sought from the hearing officer."  *Antkowiak v. Ambach*, 838 F.2d 635, 641 (2d. Cir. 1988) (concluding party may not seek review where hearing officer granted placement requested).  A party may be aggrieved under the IDEA even if the hearing officer makes some findings in their favor, as long as there is some "relief requested" that was denied.  *Diatta v. District of Columbia*, 319 F. Supp. 2d 57, 63 (D.D.C. 2004).

Here, plaintiff received all of the relief requested — specifically, that an independent evaluation of T.S. be conducted at DCPS's expense.  Indeed, plaintiff received more than was requested, in that the hearing officer ordered the school to convene a new IEP meeting within fifteen days of receiving the independent evaluation to revisit the issue of T.S.'s placement.  That the hearing officer determined that DCPS was the prevailing party is irrelevant because, as will be discussed below, it is the province of the district court, not the hearing officer, to determine who is prevailing for the purpose of awarding attorneys' fees.  *See Medford v. District of*

---

[3] The First Amended Complaint also challenges a continuance that the hearing officer granted to DCPS, but that claim was expressly withdrawn at the hearing.  Pl.'s Opp'n at 3.

*Columbia*, 691 F. Supp. 1473, 1479 (D.D.C. 1988). Moreover, the hearing officer did not err in stating that T.S. has a classification of mental retardation, because the hearing officer clearly explained in the following paragraph that his classification had been changed in 2004. Thus, plaintiff is not aggrieved by the hearing officer's decision and may not seek review of it in this court.[4]

Accordingly, defendant's motion for summary judgment is granted in part with regard to plaintiff's request for review of the hearing officer's decision.

**B.     Prevailing Party**

This court's determination that plaintiff is not an aggrieved party does not end the matter, however, because plaintiff also seeks attorneys' fees.[5] Thus, the court must proceed to determine whether plaintiff is a "prevailing party" entitled to attorneys' fees.

The IDEA provides that "[i]n any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)(i)(I). It is settled that a party who prevails at the administrative level may file an action in federal district court

---

[4] Plaintiff contends that the hearing officer erred by improperly placing the burden of proof on plaintiff, rather than on DCPS. Pl.'s Mot. at 11–13. Under the regulations in place at the time, DCPS bore "the burden of proof . . . that the action or proposed placement is adequate to meet the educational needs of the student." D.C. Mun. Regs. tit. 5, § 3030.3 (2005). In his decision, the hearing officer both acknowledged the proper burden of proof and stated that "DCPS sustained its burden." A. R. at 3. Plaintiff also contends that the hearing officer exceeded his authority by considering arguments that DCPS did not advance. A review of the hearing officer's decision reveals that plaintiff's contentions are without merit.

[5] Indeed, DCPS argues that attorneys' fees are the only thing that plaintiff is seeking. *See* Def.'s Mot. at 13 ("Plaintiff's counsel claims that what he wants is to be declared a 'prevailing party' which leads the undersigned counsel to conclude that the only purpose of this lawsuit is to obtain attorney's fees.").

seeking attorneys' fees. *Moore v. District of Columbia*, 907 F.2d 165, 171 (D.C. Cir. 1990) (en banc) ("A suit to recover fees directly . . . is as much a suit 'under' subsection 1415[(i)] as is a suit challenging an adverse administrative determination."); *Kaseman v. District of Columbia*, 444 F.3d 637, 639 (D.C. Cir. 2006) ("Although the text of the IDEA does not explicitly identify [a prevailing party] as 'aggrieved,' *Moore* allows that party to petition a court for recovery of attorneys' fees under the IDEA's fee-shifting provision."). Under the IDEA, it is only for the federal court — not the hearing officer — to determine whether a party has achieved prevailing party status. 20 U.S.C.A. § 1415(i)(3)(B); *Watkins v. Vance*, 328 F. Supp. 2d 23, 25 (D.D.C. 2004). The fact that a hearing officer has made a finding on the issue, or has failed to make such a finding, is not controlling. *Medford*, 691 F. Supp. at 1479 (recognizing that a specific finding by a hearing officer on which party prevailed is not a prerequisite to an award of attorneys' fees, since what is required is success on the merits — that is, achievement of plaintiff's objectives). The essential test for prevailing party status is whether a party successfully obtains a "material alteration of the legal relationship of the parties" with the imprimatur of an adjudication. *Buckhannon Bd. & Care Home, Inc. v. W.V. Dep't of Health & Human Res.*, 532 U.S. 598, 604 (2001) (internal quotation marks omitted); *see also Armstrong v. Vance*, 328 F. Supp. 2d 50, 57 (D.D.C. 2004). A plaintiff is deemed to have prevailed at the administrative level where the hearing officer's decision awarded plaintiff "relief on the merits," such as an order "to undertake or refrain from some conduct consistent with [the IDEA]." *Abraham v. District of Columbia*, 338 F. Supp. 2d 113, 120 & n.8 (D.D.C. 2004); *see also Scorah*, 322 F. Supp. 2d at 22 (concluding that plaintiff prevailed where decision afforded "direct benefit" sought by plaintiff).

Here, plaintiff sought and received an order for an independent evaluation at public expense, which constitutes "prevailing" under the IDEA. *See Seattle Sch. Dist. v. B.S.*, 82 F.3d 1493, 1503 (9th Cir. 1996) (concluding that parent was "prevailing party" where hearing officer ordered *inter alia* that the school district was required to pay for and consider the results of an independent assessment because the school's assessment was deficient). As DCPS acknowledges, the "plaintiff ha[s] received all the relief" requested from the hearing officer. Def.'s Mot. at 13. Thus, plaintiff is entitled to summary judgment in part regarding her entitlement to attorneys' fees.

## C.   DCPS's Request for Attorneys' Fees

DCPS contends that under the Individuals with Disabilities Education Improvement Act of 2004 ("IDEIA"), it is entitled to attorneys' fees because plaintiff's complaint was "without foundation." *See* Def.'s Mot. at 12. Under the IDEIA, a district court has the discretion to award reasonable attorneys' fees to a prevailing educational agency "against the attorney of a parent who files a complaint or subsequent cause of action that is frivolous, unreasonable, or without foundation, or against the attorney of a parent who continued to litigate after the litigation clearly became frivolous, unreasonable, or without foundation." Pub. L. No. 108-446, § 615, 118 Stat. 2647, 2724 (2004) (codified as amended at 20 U.S.C. § 1415(i)(3)(B)(i)(II)).

DCPS's request for attorneys' fees must be rejected. As plaintiff points out, although the IDEIA was passed on December 3, 2004, it was not effective until July 1, 2005. Thus, it is doubtful that it would apply to the present complaint, which was filed in April 2005. Nevertheless, DCPS contends that the provision is still applicable because the act permits fees

9

where plaintiff "*continued* to litigate after the litigation clearly became frivolous, unreasonable, or without foundation." Def.'s Reply at 8 (emphasis added).

The court need not reach that contention, however, because DCPS was not the prevailing party at the hearing and thus, the court must reject its request in any event. While it is true that the hearing officer decided that there had been no denial of T.S.'s entitlement to FAPE, that decision cannot constitute prevailing in these circumstances where the hearing officer ordered the plaintiff's requested relief. Indeed, it is *DCPS* that urges the court to recognize that plaintiff received the relief requested from the hearing officer, which leads inexorably to the conclusion that plaintiff was the prevailing party. DCPS cannot have it both ways — it cannot simultaneously argue that DCPS prevailed and that plaintiff prevailed as well. Finally, the court rejects the suggestion that plaintiff should have known that the complaint was "frivolous" or "without foundation," when, in fact, plaintiff had a valid basis for seeking attorneys' fees. Thus, the court declines, in its discretion, to award DCPS attorneys' fees.

### III.  CONCLUSION

For the foregoing reasons, it is this 27th day of March, 2007, hereby

**ORDERED** that plaintiff's motion [#10] for summary judgment is **GRANTED** in part and **DENIED** in part; and it is further

**ORDERED** that defendant's motions for summary judgment [#13] is **GRANTED** in part and **DENIED** in part; and it is further

**ORDERED** that plaintiff submit a supplemental brief addressing the question of reasonable attorneys' fees by not later than April 30, 2007, with a response to be filed by defendant no later than May 31, 2007, and a reply to be filed by plaintiff no later than June 14 , 2007.

                                                                Henry H. Kennedy, Jr.
                                                                United States District Judge